**NOT FOR PUBLICATION**

FILED



JAN 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAIMING ZHANG,

        Plaintiff-Appellant,

v.

TWITTER, INC.,

        Defendant-Appellee.

No.   23-16125

D.C. No. 3:23-cv-00980-JSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Submitted January 10, 2025[**]

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Taiming Zhang appeals pro se from the district court's dismissal of his action against X Corp.[1] arising from X Corp.'s suspension of his account and its failure to suspend the account of another user.  Reviewing de novo, we affirm.[2]

The district court correctly found that Zhang failed to plead the required elements of each of his claims, specifically: (1) breach of contract,[3] (2) fraud,[4] (3) intentional infliction of emotional distress,[5] (4) assault,[6] (5) defamation,[7] (6) intrusion of privacy,[8] (7) criminal claims,[9] and (8) California Unfair Competition Law claim.[10]  We therefore uphold the district court's dismissal of all Zhang's

---

[1] X Corp. is the successor-in-interest to Twitter, Inc.

[2] See *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1096 (9th Cir. 2019)

[3] *See Reichert v. Gen. Ins. Co. of Am.*, 442 P.2d 377, 381 (Cal. 1968).

[4] *See Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 917 (Cal. 1997).

[5] *See Trerice v. Blue Cross of Cal.*, 257 Cal. Rptr. 338, 340 (Ct. App. 1989).

[6] *See So v. Shin*, 151 Cal. Rptr. 3d 257, 269 (Ct. App. 2013).

[7] *See Taus v. Loftus*, 151 P.3d 1185, 1209 (Cal. 2007).

[8] *See Shulman v. Grp. W Prods., Inc.*, 955 P.2d 469, 489–90 (Cal. 1998).

[9] *See* 18 U.S.C. § 2255(a); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190–91, 114 S. Ct. 1439, 1455, 128 L. Ed. 2d 119 (1994); *see also* 18 U.S.C. §§ 2252, 2252A, 2257.

[10] *See* Cal. Bus. & Prof. Code § 17200; *Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 844–85 (Cal. 2011).

claims. Fed. R. Civ. P. 12(b)(6). We need not and do not consider the district court's alternative ground for dismissal. *See City & County of San Francisco v. Barr*, 965 F.3d 753, 761 (9th Cir. 2020); *see also* 47 U.S.C. 230(c)(1); *Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 740, 742 (9th Cir. 2024).

Reviewing for abuse of discretion, we affirm the district court's dismissal of Zhang's claims with prejudice.[11] The district court determined that any amendment to Zhang's first amended complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Upon our de novo review, we agree that none of Zhang's claims could be saved by amendment. *See Leadsinger, Inc. v. BMG Music Publ'g.*, 512 F.3d 522, 532 (9th Cir. 2008). Accordingly, the district court did not abuse its discretion by dismissing this action with prejudice.

All pending motions are denied.

**AFFIRMED.**

---

[11] *See Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).